UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.          )<br>)<br>SAMUEL EDWARD TOUCHSTONE   ) | CASE No. 3:00-cr-0028-MEF<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court are two *pro se* motions filed by federal inmate Samuel Edward Touchstone ("Touchstone") relating to his criminal case. Touchstone challenges the sentence imposed on him in 2002 for conspiring to possess with intent to distribute cocaine. He argues that the trial judge was racially biased against him which resulted in him receiving an overly harsh sentence. For the reasons now discussed, the court concludes that Touchstone's motion pursuant to Rule 60(b)(6) (doc. # 194) is due to be denied and his motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docs. # 194 & 228) should be dismissed as unauthorized successive § 2255 motions.[1]  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

**I.   DISCUSSION**

**A.  Rule 60(b) motion**

On May 2, 2011, Touchstone filed a "motion pursuant to Rule 60(b)(6) of the Rules

---

[1] On June 8, 2012, the court notified the defendant, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), of the court's intention to re-characterize this Rule 60(b)(6) motion as a § 2255 motion. In response to the court's *Castro* order, Touchstone filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. # 228).

of Civil Procedure" (doc. # 194) seeking to reopen his prior § 2255 motion or have the judgment in his criminal case declared void based on the bias of the trial judge. Pursuant to FED.R.CIV.P. 60(b), a litigant may move for relief from an otherwise final judgment in a civil case.[2] "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* FED.R.CIV.P. 1. Thus, it is well settled that FED.R.CIV.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* inmate brings a motion under FED.R.CIV.P. 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as a second or successive motion, the district court lacks subject matter jurisdiction as to the merits of any claims presented in the motion. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court provided

---

[2] Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. FED.R.CIV.P. 60(b).

guidance as to how prisoner claims under Rule 60 should be construed.[3]  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly.  *Id.*; *see also Williams*, 510 F.3d at 1293-94.  By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion.  *Gonzalez*, 545 U.S. at 532-33.  *See also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("A Rule 60(b) motion . . . that asserts or reasserts *no* claim but instead attacks "some defect in the integrity of the federal habeas proceedings" is not barred.") (emphasis added).  Such motions can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[4]  *Gonzalez*, 545 U.S. at 538.

---

[3] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 Fed. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 Fed.App'x 849 (11th Cir. 2005).

[4] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

In his Rule 60(b) motion, Touchstone not only challenges his conviction but he also challenges the resolution of his prior § 2255 motion. According to Touchstone, the trial judge "further denied relief on my motion under § 2255 based upon his Judicial bias and racist views towards African-Americans." (Doc. # 194 at 1). Arguably, this aspect of the Rule 60(b) can be construed as challenging the integrity of the underlying proceeding rather than just attacking his conviction and sentence. *See Gonzales*, 545 U.S. at 532. Because the Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceeding," the court concludes that on this limited issue, it should not be treated as a successive petition. *Id*.

In support of his Rule 60(b) motion, Touchstone asserts that the trial judge "displayed Judicial bias towards [him] involving racial remarks." (Doc. # 194 at 1). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Saunders v. United States*, 380 Fed. Appx. 959, 964 (11th Cir. 2010). *See also Santa v. United States*, 492 Fed. Appx. 949, 951 (11th Cir. 2012) ("A movant seeking relief pursuant to Rule 60(b) must show "extraordinary circumstances" justifying the reopening of a final judgment."); *Williams v. United States*, 360 Fed. Appx. 34, 35 (11th Cir. 2010) (same).

Touchstone has failed to provide the court with a "compelling" justification to grant relief under Rule 60(b). *Saunders*, 380 Fed. Appx. at 964. Touchstone's conclusory allegations are unsupported by any facts and are simply insufficient to warrant relief under

Rule 60(b). He has failed to come forward with any evidence that suggests that the trial judge was biased against him when denying him relief in his previous § 2255 proceeding. Thus, to the extent that Touchstone's Rule 60 motion challenges the integrity of the earlier § 2255 proceeding, the motion is due to be denied.

### B. 28 U.S.C. § 2255 motions

Touchstone also challenges his conviction and sentence in his Rule 60(b) motion. In response to the court's order indicating that it intended to recharacterize his Rule 60(b) motion as a § 2255 motion, Touchstone filed another motion to vacate pursuant to 28 U.S.C. § 2255 in which he challenges the sufficiency of the evidence at trial as well as his sentence. It is readily apparent that Touchstone's Rule 60 motion and his subsequent § 2255 motion assert claims related to his conviction and sentence.

> The Supreme Court has held that, if a Rule 60(b) motion seeks to add a new ground for relief or attacks a federal court's previous resolution of a claim on the merits, it constitutes a habeas corpus claim. *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648.

*Williams v. United States,* 360 Fed. Appx. 34, 36 (11th Cir. 2010).

As indicated, this is not the first 28 U.S.C. § 2255 motion filed by Touchstone attacking his conviction and sentence in *United States v. Touchstone,* Case No. 3:00-cr-28-MEF (N.D. Ga. 2002). Touchstone's first § 2255 motion was filed on April 20, 2005. *See* Doc. # 146. On July 27, 2006, the court denied that § 2255 motion, deciding all claims adversely to Touchstone, and entered judgment against Townsend. *See* Docs. # 150 & 151. An appeal to the Eleventh Circuit Court of Appeals was untimely and dismissed. *See* Doc.

# 172.

In the pending § 2255 motion and the Rule 60(b) motion, Touchstone challenges the court's earlier adverse determination of his claims. "[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzales*, 545 U.S. at 534 (emphasis in original). The claims and arguments Touchstone presents in his instant motions are an effort to relitigate the claims he presented in his prior § 2255 motion under the guise of "judicial misconduct" even though the court previously rejected on his claims on the merits. *See* Doc. # 150.

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999). "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Because his motions seek to challenge the court's prior resolution of his claims and assail the validity of his conviction and sentence, Touchstone seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Consequently, the court concludes that the Rule 60 motion and his motion to vacate are properly characterized as successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Holt,* 417 F.3d 1172,

1175 (11th Cir. 2005); *Carter v. United States*, 405 Fed. Appx. 409, 410 (11th Cir. 2010).

A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Touchstone has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Thus, this court lacks the jurisdiction to consider Touchstone's present motions, and the motions are due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't. of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004). *See also* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Touchstone's Rule 60 motion (doc. # 194) and his § 2255 motions (docs. # 194 & 228) be denied and this case dismissed, as Touchstone has failed to obtain the requisite order from

the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 22, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 8th day of May, 2013.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE